UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KAYE M.,

              Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. 3:23-cv-05623-GJL

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts.9–15.

After considering and reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") erred in discounting Plaintiff's subjective symptom testimony. The Court accordingly **REVERSES** and **REMANDS** this matter for further proceedings.

                    I.      PROCEDURAL HISTORY

Plaintiff filed for Supplemental Security Income ("SSI") benefits on February 7, 2020, alleging in her application a disability onset date of April 20, 2010. Administrative Record

ORDER ON PLAINTIFF'S COMPLAINT - 1

("AR") 122–23, 140. Plaintiff's application was denied initially and following reconsideration. *See* AR 137, 159. After Plaintiff's requested hearing was held before the ALJ (AR 41–86), the ALJ issued an unfavorable decision finding Plaintiff not disabled. *See* AR 161–80. In September 2021, the Appeals Council remanded the ALJ's decision. AR 181–86. After the ALJ held a hearing on remand in February 2023 (AR 87–120), the ALJ again issued an unfavorable decision in March 2023 finding Plaintiff not disabled. AR 17–40. The Appeals Council denied Plaintiff's request for review, making the March 2023 decision by the ALJ the final agency decision subject to judicial review. AR 1–7; *see* 20 C.F.R. § 416.1481. Plaintiff filed a complaint in this Court and appealed the ALJ's March 2023 decision. *See* Dkt. 5.

## II.    BACKGROUND

Plaintiff was born in 1981 and was 38 years old on the alleged date of disability onset of April 20, 2010. *See* AR 31. Plaintiff has at least a high school education and previously worked as a sorter/pricer, fast food worker, automobile service station attendant, and cashier. *Id*. According to the ALJ, Plaintiff has the severe impairments of seizure disorder, cannabis use disorder, alcohol use disorder, amphetamine use disorder, bipolar disorder, post-traumatic stress disorder ("PTSD"), personality disorder, generalized anxiety disorder, and major depressive disorder. AR 23. However, the ALJ concluded Plaintiff is not disabled because she has the residual functional capacity ("RFC") to perform a full range of work with nonexertional limitations. AR 26.

## III.    DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

ORDER ON PLAINTIFF'S COMPLAINT - 2

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

Plaintiff raises the following issues in her Opening Brief: (1) whether the ALJ properly evaluated Dr. Wilkinson's medical opinion, (2) whether the ALJ properly evaluated her subjective testimony, and (3) whether the ALJ erred at step one of the sequential evaluation process. *See* Dkt. 9 at 3–16.

**A.     Medical Opinion Evidence**

Plaintiff contends the ALJ erred in evaluating Dr. Wilkinson's medical opinion. Dkt. 9 at 3–9.

In a January 2020 evaluation, Dr. Wilkinson opined Plaintiff is markedly limited in: (1) performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision, and (2) adapting to changes in a routine work setting. AR 487. Dr. Wilkinson also opined Plaintiff is severely limited in (1) maintaining appropriate behavior in a work setting and (2) completing a normal work day and work week without interruptions from psychologically based symptoms. AR 487–88. Dr. Wilkinson overall found Plaintiff severely limited. AR 488.

The ALJ first discounted Dr. Wilkinson's opinion because he provided it prior to Plaintiff's February 7, 2020, filing date. AR 28. That Dr. Wilkinson completed his evaluation a month before Plaintiff filed her application was error, as the ALJ must consider all of the medical opinion evidence of record. 20 C.F.R. § 416.920c.

Next, the ALJ found Dr. Wilkinson's opinion unsupported by his own treatment notes and inconsistent with other medical evidence in the record. AR 28. ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most

important factors being "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 416.920c(a). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id.*; 20 C.F.R. § 416.920c(c)(1), (c)(2). Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Here, the ALJ noted Dr. Wilkinson's mental status examination produced "rather benign" findings that do not support his proposed limitations. AR 28. Plaintiff points out Dr. Wilkinson performed a detailed interview and argues the ALJ's finding substitutes the physician's opinion in favor of a lay interpretation. *See* Dkt. 9 at 5 (citing AR 491–92).

The ALJ's assessment, however, is reasonable, as neither Dr. Wilkinson's interview notes nor his exam findings explain why Plaintiff is markedly and severe limited in certain work functionalities. *See* AR 485–93. The ALJ pointed out that though Plaintiff reported as depressed during the examination, she was also alert and cooperative, her thought process and fund of knowledge were within normal limits, and she had no hallucinations or delusional thinking. AR 28 (citing AR 489). The record shows Plaintiff "stammered rather than stuttered," but was still able to express herself in a "communicative manner." AR 489. The ALJ also pointed out Plaintiff had fair memory and was able to complete concentration tasks successfully, though she was noted as "quite slow" and had to use her fingers to subtract in one of her exercises. AR 28 (citing AR 489).

Overall, it is not clear from Dr. Wilkinson's evaluation, which indicates Plaintiff's presentation was substantially normal, how the physician found her markedly to severely limited

in adhering to a schedule, adapting to changes in a work setting, or completing work without interruption. Therefore, in discounting Dr. Wilkinson's opinion for its lack of support, the ALJ did not err.

The ALJ also discounted Dr. Wilkinson's opinion for its inconsistency with the medical record. AR 28. This assessment is not reasonable. The evidence the ALJ cited shows Plaintiff reported improvement from medication and therapy. AR 932, 1014 ("Most of her symptoms have diminished to a significant degree."), 1040 ("has remained stable and out of crisis over the las six months"), 1443–44, 1577, 1591–92. Plaintiff's mental status examinations indicated improvement as she repeatedly presented alert, goal directed, with good insight, thought content, and judgment. AR 1445, 1552, 1592.

However, later treatment notes show Plaintiff's mental health symptoms worsened again. For example, she had difficulties differentiating between reality and her trauma triggers. AR 1615. Plaintiff also reported she continued to struggle with her depression, anxiety, and auditory hallucinations. *See* AR 1383, 1398, 1492, 1526, 1532, 1560. The decline in her improvement was reflected in her mental status examinations, which showed abnormal findings. *See* AR 1471, 1474, 1510, 1532. Given these treatment notes, the Court cannot say the ALJ's finding of inconsistency between Dr. Wilkinson's opinion and Plaintiff's record is supported by substantial evidence.

Therefore, the ALJ erred in discounting Dr. Wilkinson's opinion for it its inconsistency. However, because the ALJ permissibly discounted his opinion for its lack of support, the ALJ's error is deemed harmless. *See Woods*, 32 F.4th at 793 (affirming the ALJ's rejection of a medical opinion based on an inconsistency finding alone, rather than both supportability and inconsistency findings).

ORDER ON PLAINTIFF'S COMPLAINT - 5

1    Plaintiff also argues that, based on the ALJ's erroneous evaluation of Dr. Wilkinson's

2 medical opinion, the ALJ must find Plaintiff disabled at step three. Dkt. 9 at 9. Plaintiff points

3 out the vocational expert testified that a person who is off task for more than 20 percent of the

4 time would not be able to maintain competitive employment. *Id*. (citing AR 80–81). Therefore,

5 Plaintiff argues, based on Dr. Wilkinson's opinion that she is unable to complete a normal

6 workday without interruption, the ALJ must find her disabled at steps three and five. *Id*.

7 However, the Court has found the ALJ provided at least one valid reason, supported by

8 substantial evidence, to discount Dr. Wilkinson's medical opinion. Accordingly, Plaintiff's

9 argument fails.

10   **B.    Subjective Testimony**

11   Plaintiff contends the ALJ erred in evaluating her testimony regarding her mental health.[1]

12 Dkt. 9 at 10–14. The Court first addresses Plaintiff's argument that the ALJ erred by failing to

13 specify the parts of her testimony that lacked credibility. *Id*. at 13.

14   While the ALJ did not list each symptom Plaintiff testified to, the ALJ did differentiate

15 between the kind of symptoms Plaintiff discussed and cited specific records to support his

16 findings. *See* AR 27 ("In terms of the claimant's mental health…"), 30 ("Physically, the records

17 indicate…."). Further, the Court is "not deprived of [its] faculties for drawing specific and

18 legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th

19 Cir. 1989). Reading the ALJ's decision, the Court could infer the ALJ intended to discount

---

[1] Plaintiff also testified to seizures, migraines, and difficulties with her hands. AR 106–108. In her Opening Brief, Plaintiff did not assign error to the ALJ's evaluation of this portion of her testimony. *See* Dkt. 9 at 10–14. The Court will not consider matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). The Court thus will only consider the ALJ's evaluation of Plaintiff's testimony regarding her mental health.

ORDER ON PLAINTIFF'S COMPLAINT - 6

1  Plaintiff's testimony about her mental health symptoms when the ALJ started discussing

2  Plaintiff's mental health evaluations and mental status examinations. *See* AR 27–30.

3        The next question to be addressed is whether the ALJ's evaluation of her testimony was

4  valid and supported by substantial evidence. Plaintiff testified that, since her hearing in 2021, she

5  continues to be depressed, experiences more audio hallucinations, and continues to struggle with

6  anxiety at work and suicidal ideation. AR 99–100. When a claimant has medically documented

7  impairments that could reasonably be expected to produce some degree of the symptoms she

8  alleges, and the record contains no affirmative evidence of malingering, "the ALJ can reject the

9  claimant's testimony about the severity of her symptoms ***only by*** offering specific, clear and

10 convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)

11 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1995))(emphasis added). "The standard

12 isn't whether [the Court] is convinced, but instead whether the ALJ's rationale is clear enough

13 that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

14       The ALJ first discounted Plaintiff's testimony because she improved through treatment.

15 AR 28. "[I]mpairments that can be controlled effectively with medication are not disabling for

16 the purpose of determining eligibility for [social security disability] benefits." *Warre ex rel. E.T.*

17 *IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). However, the ALJ's

18 assessment presents only a limited view of Plaintiff's record. Treatment notes do show Plaintiff's

19 symptoms had "diminished" with medication and therapy. *See* AR 932, 1014 ("Most of her

20 symptoms have diminished to a significant degree."), 1040 ("has remained stable and out of

21 crisis over the las six months"), 1443–44, 1577, 1591–92.

22       But Plaintiff also started to report that her auditory hallucinations and suicidal thoughts

23 returned, and that she continued to struggle with anxiety and depression. *See* AR 1383, 1398,

24

1492, 1526, 1532, 1560. "Reports of improvement in the context of mental health must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms." *Garrison*, 759 F.3d at 1017 (internal quotation marks and citations omitted). Given that treatment notes beyond the ALJ's citations show Plaintiff's symptom improvement was not constant, the ALJ's finding of inconsistency between Plaintiff's testimony and the medical evidence is not supported by substantial evidence. In discounting her testimony for this reason, the ALJ erred.

The ALJ further concluded that objective medical evidence contradicted Plaintiff's testimony, including her mental status examinations. AR 28–29. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. The ALJ's assessment of the record is too limited in this regard as well. Plaintiff's presentation was normal on several occasions. *See* AR 1445–45 1551, 1592.  But later treatment notes show she had depressed, anxious, agitated, or overwhelmed mood, with reports of auditory hallucinations. AR 1471, 1474, 1510, 1532. These records align with, rather than undercut, Plaintiff's testimony. Accordingly, ALJ did err by discounting her testimony for its inconsistency with objective medical evidence.

Finally, the ALJ discounted Plaintiff's testimony based on her ability to manage her personal care, cook, clean, use transportation, work, and attend therapy and bible study groups. AR 29–30. An ALJ may discount a claimant's symptom testimony when it is inconsistent with the claimant's general activity level. *See Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). But the record shows Plaintiff reported being reprimanded for not being able to do her work and missed several of her

therapy sessions. *See* AR 1512, 1513, 1515, 1518, 1537, 1539, 1541, 1543. Further, the ALJ does not elaborate how Plaintiff's ability to manage self-care and perform household chores undermines her testimony about her anxiety, depression, and her hallucinations.

In sum, the ALJ failed to provide at least one valid reason, supported by substantial evidence, to discount Plaintiff's testimony. As such, the ALJ committed error.

**C.     Step One**

Finally, Plaintiff contends the ALJ erred at step one by finding she engaged in substantial gainful activity ("SGA") starting July 1, 2022. Dkt. 9 at 14–16.

A finding at step one that a claimant is performing SGA means the claimant is not disabled. 20 C.F.R. § 416.920(b). The agency generally considers a claimant's earnings from a work activity in considering whether the claimant's work is considered SGA. 20 C.F.R. § 416.974(a)(1). Generally, work the claimant is "forced to stop or to reduce below the substantial gainful activity level after a short time because of [the claimant's] impairment" is considered to be an "unsuccessful work attempt." *Id*. Earnings for a given calendar year are based on the monthly "average" to determine whether SGA levels have been met. 20 C.F.R. § 416.974(b)(2). The claimant has the burden of showing he or she is not engaged in substantial gainful activity. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987)

Here, the ALJ found Plaintiff's work activity starting July 1, 2022, as SGA and thus determined Plaintiff is disqualified from receiving disability benefits starting on July 1, 2022, but not from her filing date through June 30, 2022. AR 22–23.

The regulations provide the agency will not consider work the claimant "performed at the substantial gainful activity earnings level for more than 6 months to be an unsuccessful work attempt regardless of why it ended or was reduced below the substantial gainful activity earnings

ORDER ON PLAINTIFF'S COMPLAINT - 9

1 level." 20 C.F.R. § 416.974(c)(4). As the ALJ noted, the record shows that beginning July 2022—more than six months prior to the ALJ's decision—Plaintiff's earnings were above the minimum levels.[2] AR 23.

Plaintiff argues the ALJ's finding was erroneous because the ALJ improperly combined her earnings from her different jobs, rather than considering whether each of her jobs, specifically at Wendy's and the Dollar Tree, were individual unsuccessful work attempts. Dkt. 9 at 14–16. This Court has previously declined to apply Plaintiff's proposed methodology. *See Lizeth A. v. Comm'r of Soc. Sec.*, No. 2:22-CV-00625-JRC, 2022 WL 17532302, at *3 (W.D. Wash. Dec. 8, 2022) (finding that SGA determination looks to a claimant's "work activity" in general, because considering each job individually would mean "a claimant could simultaneously work in two part-time jobs, earning a gross income well above the SGA threshold, but found not to be engaged in SGA so long as the income from each job remained below that threshold."); *see also Lesch v. Colvin*, No. 3:12-CV-05925-KLS, 2013 WL 5525702, at *3 (W.D. Wash. Oct. 4, 2013) ("In addition, there is no indication that the …. period of time contemplated [in the regulations] applies to each individual job performed, as opposed to the work done as a whole during that period.").

In her Reply, Plaintiff argues her jobs are "a collection of insubstantial attempts" that cannot be "pieced together" as SGA. *See* Dkt. 15 at 9 (citing *Webb v. Barnhart*, 433 F.3d 683, 688 n. 1 (9th Cir. 2005)). In *Gatliff v. Com. of Soc. Sec.*, 172 F.3d 690, 694 (9th Cir. 1999), the

---

[2] The agency's Program Operations Manual System ("POMS") sets forth the minimum monthly earnings for SGA. *See* POMS DI 10501.015, Table 2. For 2022, the monthly minimum was $1,350. The ALJ noted Plaintiff earned $4,582 in the third quarter of 2022 and $5,421 in the fourth quarter of 2022. Therefore, Plaintiff's average monthly earning in the third quarter was $1,527 and her average monthly earning in the fourth quarter was $1,807. *See* AR 23, 352. For 2023, the monthly minimum was $1,470. The ALJ noted Plaintiff earned $727.84 for two weeks in the beginning of 2023 and Plaintiff testified in the February hearing she was working for 22 hours a week, earning $16.50 an hour. *Id.* The ALJ calculated this would equal an estimated $18,876 per year, and a monthly minimum of $1,573, above the 2023 minimum level.

ORDER ON PLAINTIFF'S COMPLAINT - 10

Ninth Circuit held that while there is no specific period of time a claimant must work for her activity to constitute as SGA, "a job of two-months duration is certainly insufficient." However, these rulings do not necessarily bolster Plaintiff's argument.

Plaintiff worked at Wendy's at either below or barely above the two-month mark, but she started doing so in May 2022.[3] The ALJ determined she started earning above SGA levels in July 2022, therefore her work activity from July 2022 and afterward are the relevant work activity. According to Plaintiff, by July 2022, she had already been working at the Dollar Tree, and she continued do so by October 2022, meaning she worked at the store for more than two months. *See* Dkt. 9 at 15; AR 95. Plaintiff also testified during the hearing that she was currently working at United Pacific and had been working there since October 2022. *See* AR 93–95. Therefore, by the time of the February 2023 hearing, she had already been working at United Pacific for four months. *See* AR 93–95.

In sum, given this Court's interpretation of the regulations, and given that Plaintiff's work activity starting July 2022 crossed the two-month mark, the Court does not find the ALJ erred at step one.

**D.      Remedy**

Plaintiff argues if Dr. Wilkinson's opinion is credited as true, Plaintiff would be entitled to a remand for payment of benefits. Dkt. 9 at 16–17. However, as the Court discussed, *supra* Section III.A, the ALJ permissibly discounted his opinion. Further, "[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).

---

[3] Plaintiff testified she worked at Wendy's from May 2022 to June 2022, while in her Opening Brief, she states she worked there for 2.5 months. *See* Dkt. 9 at 16; AR 95.

ORDER ON PLAINTIFF'S COMPLAINT - 11

If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

Here, the Court has determined the ALJ erred in evaluating Plaintiff's subjective symptom testimony, therefore remanding for further proceedings is necessary. On remand, the ALJ shall reassess Plaintiff's testimony and Plaintiff's RFC, and the remaining steps of the sequential evaluation process.

Plaintiff requests that the Court direct this matter to a different ALJ on remand because the ALJ "has held two hearings and issued two unfavorable decisions with the same legal errors." Dkt. 9 at 17. The ALJ is tasked with being an objective, neutral, and respectful arbiter of the issues. *See Reed v. Massanari*, 270 F.3d 838, 840-845 (9th Cir. 2001). The ALJ is presumed to be unbiased. *See Schweiker v. McClure*, 456 U.S. 188, 195 (1982). "This presumption can be rebutted by a showing of conflict of interest or some other specific reasons for disqualification." *Id.* Plaintiff has not shown that to be the case here.

The ALJ's error in his 2021 decision was his failure to use the applicable regulations in evaluating Dr. Wilkinson's medical opinion. AR 183–84. The ALJ did not make the same error in his 2023 decision, and the Court found he properly deemed Dr. Wilkinson's opinion to be unpersuasive. That the ALJ's issued an unfavorable decision is not a sufficient showing of bias to rebut the presumption of impartiality.

ORDER ON PLAINTIFF'S COMPLAINT - 12

Accordingly, the Court declines to direct the Commissioner to reassign this case on remand. However, nothing in this order should be read to prevent the Commissioner from reassigning this matter to a different ALJ on remand.

## IV.  CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for Plaintiff and the case should be closed.

Dated this 26th day of January, 2024.

Grady J. Leupold
United States Magistrate Judge